**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **SA-18-CR-178-XR** |
| | § | |
| **MELVIN HENDERSON** | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

On this day came on to be considered various motions filed by the Defendant.

**Indictment**

On June 19, 2019, a superseding indictment was filed in this case. In Count One, the Government alleges that from January 2015 until February 2016, the Defendant recruited, enticed, harbored, transported, provided, obtained and maintained, a minor (R.L.L.), knowing that means of force, threats of force, fraud, and coercion would be used to cause R.L.L. to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a) and l591(b)(1).

**Motion to Suppress out of court identification (dkt. no. 37)**

Defendant argues that on August 26, 2016, law enforcement personnel conducted an impermissibly suggestive pretrial identification procedure with the complainant by using a one-photo show, with the only photo being that of the Defendant. The complainant then identified the Defendant as the actor in this case. Defendant seeks the suppression of the following:

1. All testimony concerning any eyewitness identification of the Defendant.

2. All evidence, tangible or otherwise, that may be shown to have been a product of the impermissibly suggestive pretrial identification procedure.

In July 2016, a minor (R.L.L.) reported that she had been prostituted and sexually assaulted by multiple persons, including "Don Don" or "Duarte." During their investigation, investigators showed R.L.L. a photograph of Defendant, whom she identified as one of the people who prostituted her. The Defendant had allegedly sold drugs to R.L.L. for an extended period of time prior to the alleged prostitution acts.

"The Due Process Clause protects against the use of evidence obtained from impermissibly suggestive identification procedures." *United States v. Delgado*, 364 F. App'x 876, 879 (5th Cir. 2010). "The admissibility of identification evidence is governed by a two-step test." *Id*. First, we ask whether the identification procedure was impermissibly suggestive. Second, we ask whether the procedure used posed a "very substantial likelihood of irreparable misidentification." *Id*. "Identification testimony is inadmissible only if both questions are answered in the affirmative. The linchpin of the admissibility inquiry is whether the identification is reliable." *Id*.

"The Supreme Court has identified several factors to help determine the likelihood of misidentification: (1) the opportunity of the witness to view the criminal at the crime scene; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." *United States v. Moody*, 564 F.3d 754, 762–63 (5th Cir. 2009).

Without deciding whether the Defendant's identification was impermissibly suggestive, the Court concludes that there was not a "very substantial likelihood of irreparable misidentification." *Id*. R.L.L. had an opportunity over an extended period of time to view Defendant. During the identification procedure, R.L.L. stated that she was positive that Defendant was "Don Don."

**Defendant's Motion to Suppress Cell Tower Info (dkt. no. 38)**

Defendant seeks to suppress all historical cell-site location information (CLSI) obtained in this case without a warrant.

Investigators obtained a court order for phone records for Soto-Contreras, a person who had sex with the minor in this case, and located a phone call on January 28, 2016, from Soto-Contreras to Defendant. On or about December 21, 2016, investigators sent a subpoena for Defendant's phone records to AT&T, seeking, inter alia, subscriber information and tolls, but not CSLI.

On or about January 13, 2017, investigators obtained a court order, pursuant to Article 18.21(5) of the Texas Code of Criminal Procedure and in accordance with the Stored Communications Act ("SCA"), 18 U.S.C. § 2703(c)(2), for Defendant's phone records, including CSLI, between January 10, 2016, and February 15, 2016.

On June 22, 2018, the Supreme Court issued a decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), holding that accessing seven days of CSLI constituted a search under the Fourth Amendment that was impermissible without a warrant. The *Carpenter* decision was issued more than seventeen months after investigators obtained a court order for Defendant's CSLI.

The Government argues that its agents relied in good faith and the motion to suppress should be denied. This Court agrees. *See United States v. Curtis*, 901 F.3d 846, 848 (7th Cir. 2018) (CSLI evidence obtained in good-faith reliance need not be excluded).

**Motion to Strike Surplusage From Indictment (dkt. no. 39)**

Defendant seeks to strike the words "A.K.A. Don Don, A.K.A. Duante" from the indictment, arguing that they are not "used to charge specific crimes, but to add prejudicial color to its narrative."

The Government responds that the Defendant's aliases are not surplusage, nor are they inherently prejudicial. Instead, they are relevant for the purpose of establishing Defendant's identity. The Court agrees. *United States v. Solomon*, 273 F.3d 1108 (5th Cir. 2001) (relevant information should not be stricken from an indictment): *United States v. Taylor*, 554 F.2d 200, 203 (5th Cir. 1977) (no error in the use of the alias in the indictment where use of the alias was commonly referenced in various conversations).

**Defendant's Motion to Produce Arrangements Made or Extended to Government Witnesses (dkt. no. 40)**

Defendant seeks an order "directing the Assistant United States Attorney to prepare and make available for the Defendant's inspection a memorandum setting out in detail the extent and scope of all offers of immunity, promises of leniency, threats of prosecution, or promises of assistance, that have been or may be extended to any person who may be called as a witness by the Government."

The Government responds that this motion is premature and that the "Government is aware of its obligations pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), to disclose in a timely fashion its arrangements or agreements with witnesses for the prosecution. The

Government intends to make such disclosure at a reasonable time before trial, in accordance with Giglio and Department of Justice policy."

In this case a General Order regarding discovery was entered on April 16, 2018. Absent concerns regarding the safety of any cooperating witnesses, the Government is ordered to produce any evidence tending to show threats, promises, payments, or inducements made by the Government, or any Government agent, that would bear upon the credibility of any Government witness.

**Motion in Limine to Prevent Government from Mentioning Any Extrinsic Crimes, Wrongs, or Acts of Misconduct Not Charged in the Indictment and Request for Pretrial Discovery of Intent to Introduce Said Evidence (dkt. no. 41)**

In light of the recent superseding indictment, this motion appears moot. The Defendant may file a new motion if he believes new grounds exist to pursue such a motion.

**Motion in Limine to Prevent Government from Mentioning Any Alleged Co-Conspirator Statements, Hearsay, or Testimonial Statements (dkt. no. 42)**

The Defendant seeks to preclude the Government from mentioning, directly or indirectly, in the presence of the jury, any alleged co-conspirator statements, hearsay, or testimonial statements, without first obtaining a prior ruling on the admissibility.

It is uncertain whether this motion has been mooted by the superseding indictment. The Defendant may file a new motion if he believes new grounds exist to pursue such a motion.

### Conclusion

Defendant's motions (37, 38 and 39) are denied. Defendant's motion (40) is granted in part and denied in part. Defendant's motions (41 and 42) are dismissed as moot.

SIGNED this 20th day of June, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE